## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

### v.

## NORTH HILLS PASSAVANT HOSPITAL, Defendant.

### Civ. A. No. 75–890.

United States District Court,
W. D. Pennsylvania.

Nov. 3, 1975.

Frank J. Tuk, Regional Counsel, E.E.O.C., Philadelphia, James S. Bukes, Dist. Counsel, E.E.O.C., Pittsburgh, Pa., for plaintiff.

C. Arthur Dimond, Edward N. Stoner, II, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

In this civil proceeding the immediate matters before the Court are defendant's Motion for Summary Judgment and plaintiff's Motion to File Amended Complaint. The Court has afforded the parties a full and complete opportunity to be heard and to present any and all evidence, oral or documentary in nature, and has considered the briefs and arguments of counsel.

The instant proceeding (Civil Action No. 75–890) arises from a complaint filed with the Equal Employment Opportunity Commission on January 18, 1972 by Arthur W. Pope alleging that the defendant, North Hills Passavant Hospital, discriminated against him upon the basis of race by failing to hire him as a medical storeroom clerk, a position he applied for on January 14, 1972. The EEOC began to investigate this charge on or about February 28, 1974, and on April 26, 1974, a determination letter was issued stating that there was a finding that reasonable cause existed to believe that North Hills Passavant Hospital is engaged in unlawful employment practices and violations of Title VII by discriminating against negroes as a class with respect to hiring. The Commission's conciliation efforts were to no avail and so informed Pope by letter dated September 25, 1974. On December 6, 1974, Arthur W. Pope received a right-to-sue letter from the Equal Employment Opportunity Commission and on January 8, 1975, he filed a private action premised on 42 U.S.C.A., Section 1981, and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A., 2000e in the United States District Court for the Western District of Pennsylvania at Civil Action No. 75–60.

On May 27, 1975, the Title VII aspects of Civil Action No. 75–60 were dismissed by the Court and on July 9, 1975, the parties executed a "Stipulation and Settlement Agreement", approved by this Court, settling all claims which Mr. Pope may have had against North Hills Passavant Hospital. However, this settlement agreement was contingent upon the approval by the EEOC to the withdrawal of Mr. Pope's charge. On July 25, 1975, the EEOC notified the Court that it refused to permit the withdrawal of Pope's charge and that the present action (Civil Action No. 75–890) had

been filed against the defendant, North Hills Passavant Hospital, in the United States District Court for the Western District of Pennsylvania on July 22, 1975.

The question for this Court's determination is whether or not the delay in filing the action by the EEOC coupled with its failure to intervene in the private suit involving the same charge (Civil Action No. 75–60) and its unwillingness to participate in the settlement of Civil Action No. 75–60, constitutes a bar to the Commission proceeding with the instant action?

It is not in dispute that the Equal Employment Opportunity Commission filed the present action three years, three months, and ten days after the aggrieved party, Arthur W. Pope, filed his charge with the Commission. It is also not in dispute that the EEOC did not intervene in the private action by Mr. Pope nor did it seek to participate in or approve the settlement reached between Mr. Pope and the defendant, North Hills Passavant Hospital.

■ The law in this circuit is clear. Section 706(f)(1) of the Equal Employment Opportunity Act of 1972, 42 U.S. C., Section 2000e–5(f)(1) does not contain an implied 180-day limitation period for civil actions commenced by the EEOC. *EEOC v. E. I. duPont de Nemours and Company and Chestnut Run and Affiliated Facilities*, 516 F.2d 1297, 1302 (3rd Cir., 1975). However, each case is to be evaluated separately to determine whether or not the employer did or did not suffer prejudice in any way whatsoever as a result of the case not being filed within 180 days.

"Under these circumstances we cannot state, in the abstract, that prejudice by reason of stale claims will be visited upon by employers. Suffice it to say we are not presented with a case or controversy at this time requiring a decision as to what defenses may be available to employers for EEOC's delay in commencing suit." *EEOC v. E. I. duPont de Nemours and Company*

*and Chestnut Run and Affiliated Facilities*, supra.

In *duPont* there was only one action filed and that was by the Equal Employment Opportunity Commission. In the instant proceeding, Mr. Pope filed his private action within ninety days after receiving his right-to-sue letter from the EEOC. It was only after the Title VII action was dismissed by the Court and a settlement agreement entered into between the grievant and the defendant, North Hills Passavant Hospital, that the EEOC filed the present action (Civil Action No. 75–890) against the defendant, North Hills Passavant Hospital.

■ The record also reveals that the instant proceeding presents many factors not considered by the Court in *du-Pont*. The grievant, Mr. Pope, in Civil Action No. 75–60, actively sought to have the EEOC intervene in his private action, yet the Commission chose not to do so. Even after his Title VII action was dismissed by the Court, Mr. Pope expressed the desire to have the Commission participate in the settlement negotiations of his remaining claim. Yet, once again the EEOC declined to participate or inject its influence to achieve a satisfactory settlement.

It was only after a settlement was eventually agreed to between Mr. Pope and the defendant that the EEOC finally decided to enter the picture. It is most appalling to this member of the Court that an agency of the United States Government charged with enforcing congressional policy against discriminatory employment practices would not only refuse to intervene in the private action of an aggrieved party but also refuse to participate in settlement negotiations that attempted to correct a possible discriminatory employment practice. Surely the EEOC could have benefited the charging party as well as the public interest had it taken an active role in the conciliation and/or settlement talks of the action filed by Mr. Pope instead of filing the present action which for all practical intents and purposes is the same charge as that filed by Mr. Pope.

To permit the EEOC to maintain a suit under these circumstances would frustrate the intent of Congress to encourage conciliation and good faith negotiations. Likewise, undue prejudice would result to all concerned in the instant proceeding. The defendant, North Hills Passavant Hospital, would have to litigate an event which occurred more than three years ago and which it amicably settled with the grievant notwithstanding the lack of cooperation or participation from the EEOC. The grievant, Mr. Pope, would be deprived of the settlement he achieved, despite the lack of any interest by the EEOC and delay any relief, if any, he might get at trial for months, or even years.

The Court can well appreciate that a complex or a difficult set of circumstances may require an extended period of time for conciliation and require even more time for the preparation of the case for litigation. However, the within proceeding is not of that category. There was no extended effort by the Commission to continue conciliatory efforts. In fact, after the initial efforts failed, the EEOC issued a right-to-sue letter to the grievant and sat on the sidelines while negotiations and settlement talks continued between the grievant and the defendant, North Hills Passavant Hospital.

Moreover, the record reveals that the instant action is not based upon any illegal practices discovered by the Commission during the administrative investigation of Pope's charges in Civil Action No. 75-60. The EEOC in its answers to defendant's interrogatories contends that it is not aware of any other persons besides Mr. Pope who were discriminated against by the defendant, North Hills Passavant Hospital. Even the deposition of Mr. Pope, taken on March 21, 1975, reveals that he knew of no other persons who had suffered alleged discrimination at the North Hills Passavant Hospital.

Finally it appears to the Court that consistent with the legislative intent of the Equal Employment Opportunity Act, once a right-to-sue letter issues, and a private party institutes an action on his own behalf, the only recourse left to the EEOC is to intervene in the case if it is one of general public importance. By the Commission's own admissions the only person possibly subject to racial discrimination was the grievant, Mr. Pope. If the EEOC were permitted to maintain the action now, it would completely negate the specific prohibition against a private party's maintenance of an action on his or her charge more than ninety days after the receipt of the right-to-sue notice. The statute provides that where the EEOC has brought the action, the person aggrieved may intervene. If the EEOC's ability to maintain the action survives the issuance of the right-to-sue notice and the expiration of the charging party's right to maintain an action, Pope would be able to intervene in an action where he was originally prohibited from maintaining himself because of his failure to comply with the statutory requirements. Such an interpretation would be repugnant to the statute.

In view of the above, it is the opinion of the Court that summary judgment should be granted in favor of the defendant, North Hills Passavant Hospital. Moreover, since summary judgment is to be granted, there remains nothing before the Court and plaintiff's Motion to File Amended Complaint is refused.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

### ORDER

And now, this 3rd day of November, 1975, defendant's Motion for Summary Judgment is hereby granted. Plaintiff's Motion for Leave to File Amended Complaint is hereby refused.